# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD MESSINA,         )

                )       Civil Action No. 16 – 578

        Plaintiff,    )

                )

        v.           )       District Judge David S. Cercone

                )       Magistrate Judge Lisa Pupo Lenihan

MARK T. AARON, *District Attorney*  )

*of Clarion County, Pennsylvania*,    )

                )

        Defendant.    )


## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.[1]

### II.    REPORT

Plaintiff Donald Messina is an inmate currently incarcerated at the State Correctional Institution at Dallas. He has sought leave to proceed *in forma pauperis* ("IFP") in order to file a civil rights complaint against Mark T. Aaron, the District Attorney of Clarion County, Pennsylvania, for allegedly making improper comments during closing argument in Plaintiff's

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

criminal trial on April 28, 2005. For the following reasons, Plaintiff's motion for leave to proceed IFP should be denied.

It is a plaintiff's burden to prove entitlement to IFP status. *See* White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).

The following action filed by Plaintiff while *in forma pauperis* was dismissed by this Court as frivolous: Messina v. State Police Trooper Alan Carmichael, Civil No. 05-1492 (W.D. Pa.) (order entered Nov. 2, 2005). The following actions filed by Plaintiff while *in forma pauperis* were dismissed by this Court for failure to state a claim: Messina v. Clarion County

---

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert*. *denied*, 533 U.S. 953 (2001).

Corrections, Civil No. 09-598 (order entered July 6, 2010); <u>Messina v. State Police Trooper Alan</u> <u>Carmichael</u>, Civil No. 13-1366 (order entered Nov. 20, 2013).

Accordingly, because Plaintiff had at least three strikes, he may not proceed IFP unless he is "under imminent danger of serious physical injury" as revealed by the complaint as of the time of filing the application for leave to proceed IFP and/or the complaint.  *See* <u>Abdul-Abkar v.</u> <u>McKelvie</u>, 239 F.3d 307 (3d Cir. 2001); <u>Banos v. O'Guin</u>, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

In this case, Plaintiff fails to allege a showing of "an **imminent** danger of serious physical injury" at the time of his filing the Complaint, which the Court takes to be May 5, 2016 the date he signed his Complaint.  (emphasis added).  As such, it is recommended that Plaintiff's Motion for IFP be denied.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the

objections shall have fourteen (14) days from the date of service of objections to respond thereto.

Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  May 12, 2016

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:  Donald Messina
     GG-0082
     SCI Dallas
     1000 Follies Road
     Dallas, PA  18612